IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL F. MITCHELL,<br>　　Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-5636 |
| | : | |
| KEVIN KAUFFMAN, *et al.*,<br>　　Defendants. | : | FEB 27 2019 |

## ORDER

AND NOW, this 26th day of February, 2019, upon consideration of *pro se* Plaintiff Paul F. Mitchell's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 11), Prisoner Trust Fund Account Statement (ECF No. 12), Complaint (ECF No. 2), Memorandum of Law (ECF No. 8), Declaration (ECF No. 10), Motion for Reconsideration (ECF No. 9), and "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 13), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Mitchell, #894906, shall pay the full filing fee of $350.00 in installments, pursuant to 28 U.S.C. § 1915(b). Based on the financial information provided by Mitchell, he is not assessed an initial partial filing fee. In each month when the amount in Mitchell's inmate trust fund account exceeds $10.00, the Warden or other appropriate official at the Curran-Fromhold Correctional Facility or at any other prison at which Mitchell may be incarcerated shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Mitchell's inmate trust fund account until the fees are paid. Each payment shall reference the docket number for this case, Civil Action No. 18-5636.

3. The Court **DEEMS** Mitchell's Complaint to consist of the Complaint (ECF No. 1), Memorandum of Law (ECF No. 8), and Declaration (ECF No. 10).

4. The Complaint is **DEEMED** filed.

5. With respect to Mitchell's claims against Kauffman, Green, Goss, Butterbaugh, Fisher, Girard, and Keiser, the Clerk of Court is **DIRECTED** to **TRANSFER** them forthwith to the United States District Court for the Middle District of Pennsylvania for the reasons set forth in the Court's Memorandum. The Clerk of Court is then **DIRECTED** to terminate these individuals as Defendants in this matter.

6. Mitchell's wrongful conviction claims, which are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), are **DISMISSED without prejudice** to Mitchell's right to pursue them in a new lawsuit only if he is successful in challenging his convictions and sentences in state court or federal *habeas* proceedings.

7. Mitchell's claims against Defendants O'Neill, Boughter, Thomas, McLaughlin, Stephens, and Dade are **DISMISSED without prejudice**, for the reasons set forth in the Court's Memorandum, for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure as well as for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell is **GRANTED** leave to file an amended complaint with respect to his claims against these individuals, to the extent such claims are not barred by *Heck*. Any amended complaint must name all of the defendants in the caption and must clearly explain how the defendants were involved in violating Mitchell's rights. Mitchell's amended complaint must include all of the claims that he seeks to pursue against these individuals without relying on or referring to other pleadings filed in this case. The amended complaint shall not raise claims alleging that Mitchell

2

was wrongfully convicted or claims against the SCI Huntingdon Defendants. Upon the filing of an amended complaint, the Clerk of Court shall not make service until so **ORDERED**.

8. The Clerk of Court is **DIRECTED** to send Mitchell a copy of this Court's form complaint to be used by a prisoner filing a civil rights action pursuant to 42 U.S.C. § 1983. The Clerk of Court shall write the civil action number of this case on the form. Mitchell may use this form to prepare his amended complaint.

9. Mitchell's Motion for Reconsideration (ECF No. 9) is **DENIED as moot.**

10. Mitchell's "Motion for Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order" (ECF No. 13) is **DENIED without prejudice** for the reasons set forth in the Court's Memorandum.

11. If Mitchell fails to file an amended complaint, his case may be dismissed without prejudice for failure to prosecute without further notice.

**BY THE COURT:**

_____
**PETRESE B. TUCKER, J.**