## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PAUL F. MITCHELL,　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　　　:　　CIVIL ACTION NO. 18-CV-5636
　　　　　　　　　　　　　　　　　　:
KEVIN KAUFFMAN, *et al.*,　　　　　　:
　　　　Defendants.　　　　　　　　　:　　MAR 27 2019

### MEMORANDUM

TUCKER, J.　　　　　　　　　　　　　　　　　　　MARCH 25, 2019

*Pro se* Plaintiff Paul F. Mitchell, who is currently incarcerated at the Curran-Fromhold

Correctional Facility ("CFCF"), has filed an Amended Complaint ("AC") in this civil action

following the issuance of the Court's Memorandum and Order of February 27, 2019. (*See* ECF

Nos. 14, 15.[1]) In the AC he asserts claims pursuant to 42 U.S.C. § 1983 against Mary Kate

O'Neill, Caitlin McLaughlin, Gregory Thomas, Chad Boughter, and Christian Stephens, all of

whom are employed by the Pennsylvania Board of Probation and Parole ("PBPP") in

Philadelphia; and Megan M. Dade, the Executive Director of the Pennsylvania Sex Offenders

Assessment Board. (ECF No. 17.) For the following reasons the Court will dismiss his amended

claims with prejudice.

---

[1]　　Mitchell was granted leave to proceed *in forma pauperis*, claims against certain
Defendants were transferred to the United States District Court for the Middle District of
Pennsylvania, certain claims were dismissed with prejudice as barred by *Heck v. Humphrey*, 512
U.S. 477 (1994), and certain claims were dismissed without prejudice. Mitchell was granted
leave to file an amended complaint with respect to the claims dismissed without prejudice, to the
extent such claims were not barred by *Heck* and did not claim that he was wrongfully convicted.
(ECF 15, ¶ 7.)

# I. FACTS

As the Court stated in the prior Memorandum, in 2016 Mitchell was convicted of

unlawful sexual contact with a minor, assault, and criminal trespass, and sentenced to 17 to 40

months in prison, as well a term of probation for up to 7 years. *See Commonwealth v. Mitchell*,

No. CP-51-CR-0008193-2015 (Phila. Ct. Common Pleas). The docket reflects that, as part of his

sentence, the terms of his parole included that he be supervised by the Sexual Offender's Unit,

register with the State Police, and comply with Megan's Law Tier II requirements; but the docket

also reflects that he refused to sign Megan's Law Tier II requirements forms. (*Id.*) On

November 16, 2018, a probation violation detainer was issued. (*Id.*) On November 20, 2018,

Judge Frank Palumbo granted the motion to revoke Mitchell's probation. (*Id.*) Sentencing for

the probation revocation has been deferred for preparation of a pre-sentence investigation report

as well as a mental health evaluation.[2] (*Id.*)

Mitchell raises claims in the typewritten portion of the AC of retaliation and harassment

based on his allegation that PBPP employees in Philadelphia forced him to choose between

---

[2]     The Court recognizes its obligation under Federal Rule of Civil Procedure 17(c)(2) to
protect an "incompetent person who is unrepresented in an action." Mitchell has not been
adjudicated incompetent by the state court. Even if he had been, requiring the appointment a
guardian ad litem, attorney, or other representative in this case if it proceeded past screening
under § 1915, *see Powell v. Symons*, 680 F.3d 301 (3d Cir. 2012), the Court may still conduct a
screening under § 1915(e) consistent with Rule 17. *See id.* at 307 ("In the context of
unrepresented litigants proceeding *in forma pauperis*, this inquiry [under Rule 17] would usually
occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. §
1915(e)(2)."); *see also Himchak v. Dye*, 684 F. App'x 249, 252 (3d Cir. 2017) (per curiam)
("Because, as discussed below, we agree that the District Court properly dismissed the complaint
under the screening provisions, it did not abuse its discretion by not appointing a guardian to
protect Himchak's interests pursuant to Fed. R. Civ. P. 17(c)."); *Dangim v. FNU LNU, USA Law
Enf't*, No. CV 16-0812 JB/SCY, 2017 WL 3149359, at *3 (D.N.M. June 2, 2017) (understanding
*Powell* to convey that "a district court may sua sponte dismiss a complaint under § 1915A or §
1915(e)(2) as frivolous, malicious, or for failure to state a claim on which relief may be granted
without first inquiring into a pro se litigant's mental competency to represent himself or herself
under rule 17(c)(2).").

agreeing to special conditions of probation – one of which involved attendance at sexual offender

programming at the Joseph Peters Institute – or be reincarcerated. (AC, "Outline," ❝ 3.[3]) He

asserts he has a protectable liberty interest – presumably to not agree to the special conditions of

---

[3]  The handwritten content of the AC consists mostly of lists of causes of action, quotations
from various constitutional provisions and federal statutes, and characterizations unsupported by
any factual averments. Mitchell also offers little to explain how each named Defendant acted to
create the causes of action or violate those provisions and statutes, other than a claim that
Defendants acted under color of state law. (*See* AC, ¶ IV. D.) He asserts he has been subjected
to "Overcrowded, unsafe or extremely harash [sic] conditions Special conditions of Pennsylvania
Board of Probation and Parole [because] I refused to sign 7-05-17 dangerous or overly restrictive
conditions. Inhumane and Inadequate conditions. Where I have a right to decent conditions in
prison." (AC, page 12 at ¶ 1.) In that portion of the AC Mitchell does not assert which named
Defendant subjected him to these conditions and offers no factual allegations other than his
characterizations and conclusory allegations.

Later in the handwritten portion of the AC, Mitchell alleges that Defendant O'Neill
"acted with deliberate indifference when she ignored an obvious and serious danger (Special
Conditions)" and conducted a "campaign of harassment and retaliation" to deny his right of
access to the courts and violate his Eighth Amendment rights. (*Id.*, page 14 at ¶ 1; page 16 at ¶
1.) He alleges no details how, when and where O'Neill so acted. He alleges that Defendants
O'Neill, McLaughlin, Boughter and Stephens "were all responsible for my unnecessary and
wanton infliction of pain," and that Stephens arrested him based on a campaign of retaliation by
Boughter, Thomas, and McLaughlin. (*Id.*, page 15 at ¶ 5; page 16 at ¶¶ 1,2.) He alleges that
Defendant Dade "ignored an obvious and serious danger [at the] Joseph J. Peters Institute that
deprives me of basic necessities (safety) and (security)." (*Id.*, page 15 at ¶ 6.) He alleges that
Defendant Thomas, a Parole Supervisor, also ignored an obvious and serious danger. (*Id.*, page
16 at ¶ 3.) He alleges no details how these Defendants undertook acts that form the bases of
these claims, such as the nature of the alleged danger, how his right to access the courts was
impaired, or how these Defendants inflicted pain upon him.

This Court has already advised Mitchell that Federal Rule of Civil Procedure 8 "requires
that pleadings provide enough information to put a defendant on sufficient notice to prepare their
defense and also ensure that the Court is sufficiently informed to determine the issue." (See ECF
14 at 4 (citing *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3
(E.D. Pa. Aug. 11, 2017) (quotations omitted)). The purpose of Rule 8 is to make clear to the
Court and the defendants the factual basis for a plaintiff's claims so that the defendants can
meaningfully respond to those claims. *Id.* In the Court's prior Memorandum, Mitchell was
advised that any amendment must comply with Rule 8. (ECF 14 at 5.) The Court also
previously noted that Mitchell had failed to adequately describe how each Defendant was
personally involved in the alleged violations of his constitutional rights, or clearly explain the
basis for his claims against them. (*Id.* at 7.) The Court finds that the handwritten portions of the
AC fail to cure the defects that were previously identified. Accordingly, the claims asserted in
the handwritten portion of the AC will be dismissed with prejudice.

3

probation, that he has filed grievances about his dispute, and Defendants have retaliated against him for objecting to signing the Megan's Law Tier II requirements forms by having him arrested. (*Id.*, ¶¶ 4-6.) He also claims that Defendant Boughter harassed his sister when he saw that the sister texted Mitchell. (*Id.* ¶ 7.) He seeks damages, as well as injunctive relief that his constitutional rights were violated by the Defendants.

## II.    STANDARD OF REVIEW

Because Mitchell has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mitchell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.    Retaliation Claim

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990) (citing *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir.1981)). To state a plausible retaliation claim, a prisoner-plaintiff must allege: (1) the conduct which led to the alleged retaliation was

constitutionally protected; and (2) he suffered, at the hands of a state actor, an adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 389 (6th Cir. 1999); *Drexel v. Vaughn*, Civ. A. No. 96–3918, 1998 WL 151798, at \*6 (E.D. Pa. Apr. 1, 1998)); (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

In his retaliation claim, Mitchell does not state the precise constitutionally protected conduct the exercise of which formed the basis of Defendants' retaliatory motivation. Presumably, Mitchell claims a constitutional right not to comply with the special conditions of his parole by signing the forms. The Court finds that this is not a plausible claim. For any prisoner who, like Mitchell, has been convicted of a sex crime that falls within Pennsylvania's registration requirements, parole officials have a statutory duty to collect registration information from the offender or sexually violent predator and forward that registration information to the Pennsylvania State Police. *See* 42 Pa. Cons. Stat. § 9799.19(f). It is clear from the criminal docket that Mitchell's sentence included the provision that he was required to register as a sex offender as a condition of his being granted parole. His allegations that Defendants "harassed [him] to sign [the] special conditions for probation and [] coerced [him] against his own free will, under duress, through [] retaliation and [a] campaign of harassment to sign [the] special conditions or be locked up" cannot state a plausible retaliation claim because the requirement was imposed as part of the state court's sentence as a condition of Mitchell's parole.

Further, while an inmate has no constitutional right to parole, *see Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("A state may . . . establish a parole system, but it has no duty to do so."), "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for

5

arbitrary or constitutionally impermissible reasons." *See Block v. Potter*, 631 F.2d 233, 236 (3d Cir.1980). Hence, a plaintiff has a substantive due process right in being treated fairly during the parole process. *See Jubilee v. Horn*, 975 F. Supp. 761, 764-65 (E.D. Pa. 1997), *aff'd*, 151 F.3d 1025 (3d Cir. 1998); *accord Bermudez v. Duenas*, 936 F.2d 1064, 1067 (9th Cir.1991) (recognizing that "early release statutes can create 'a liberty interest protected by due process guarantees.'") (quoting *Greenholtz*, 442 U.S. at 12). Mitchell's allegations that the Defendants harassed him to sign the forms cannot state a plausible substantive due process claim since the docket reflects that Mitchell was required to do so as a condition of his parole and Defendants had a statutory duty to see that he complied. Finally, while Mitchell does not appear to assert that he was exempt from the registration requirement or that he complied therewith, to the extent that Michell asserts a procedural due process claim, the state court's parole revocation procedures are available to him.

## B.  Harassment Claim

Mitchell also alleges that his sister was harassed by Defendant Boughter after Boughter noticed that his sister was texting him. He alleges that Boughter called the sister without her permission and asked her personal questions. To establish standing to sue, a "litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982); *Wheeler v. Travelers Ins. Co.*, 22 F.3d 534, 538 (3d Cir. 1994). Accordingly, Mitchell cannot raise a claim based on the Defendant's harassing his sister.

## IV.   CONCLUSION

For the foregoing reasons, the AC will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell, having previously been granted leave to file an amended complaint in this matter with respect to his claims against Defendants O'Neill, Boughter, Thomas, McLaughlin, Stephens, and Dade to attempt to cure the defects previously noted, and having failed to do so, the Court finds that the claims are futile, and no further amendment will be permitted. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

**BY THE COURT:**

**PETRESE B. TUCKER, J.**